# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

DENNIS W. CAIN
ADC # 129216                                                                    PLAINTIFF


V.                                    5:05CV00282 SWW/HDY


LARRY NORRIS, Director, Arkansas Department of Correction;
GENETTE MOORE, Mailroom Supervisor, Pine Bluff
Unit; RICK TONEY; and RAY HOBBS, Assistant
Deputy Director, Arkansas Department of Correction              DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Pine Bluff Work Complex of the Arkansas Department of Correction, filed this cause of action alleging unconstitutional interference with his legal mail. Upon review of Plaintiff's Complaint, the undersigned recommends finding that Plaintiff has failed to state a cognizable claim for relief as to his claims, and therefore his case should be dismissed with prejudice.

## I. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.  § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).   The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).   A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  Plaintiff's Claims

Plaintiff alleges that his "legal mail" was opened by Defendant Moore, the mailroom supervisor, on August 12, 2005, outside his presence.  This "legal mail" consisted of two "Process Receipt and Return" forms from the United States Marshals Service in case number 5:05CV00053 JLH/HDY, *Cain v. Arkansas Department of Correction et al.*  These documents show that service was executed on Defendants Belinda Witney and Max Mobley, in care of Humphries and Lewis Law Firm and the Arkansas Department of Correction Compliance Office, respectively.  According to the grievance responses submitted by Plaintiff, Defendant Moore claimed that the mail was delivered to her already opened and she opened it to see to whom it should be delivered.  The envelope bears

3

the return address "U.S. Department of Justice, United States Marshals Service, Eastern District of

Arkansas."

Plaintiff alleges that defendants violated his clearly established constitutional right not to

have confidential legal mail opened outside his presence. In *Wolff v. McDonnell*, 418 U.S. 539,

576-77, 94 S.Ct. 2963, 2984-85, 41 L.Ed.2d 935 (1974), the Supreme Court considered the question

of incoming legal mail and concluded:

> [T]he question is whether, assuming some constitutional right is implicated, it is
> infringed by the procedure now found acceptable by the State.... [W]e think that [the
> prison officials], by acceding to a rule whereby the inmate is present when mail from
> attorneys is inspected, have done all, and perhaps even more, than the Constitution
> requires.

*Id.*

However, in this case, Plaintiff has not stated a constitutional claim.  The Eighth Circuit

Court of Appeals considered precisely this issue in *Gardner v. Howard,* 109 F.3d 427, 431 (8th

Cir.1997), and held:

> The act of opening incoming mail does not injure an inmate's right to access the
> courts. The policy that incoming confidential legal mail should be opened in inmates'
> presence instead serves the prophylactic purpose of assuring them that confidential
> attorney-client mail has not been improperly read in the guise of searching for
> contraband. Given this limited purpose, inadvertent opening of legal mail cannot be
> actionable under § 1983, particularly when it is followed by the corrective action
> Howard took after she opened Gardner's envelope on March 1, because "[t]o assert
> a successful claim for denial of meaningful access to the courts . . . an inmate must
> demonstrate that he suffered prejudice." *Berdella v. Delo,* 972 F.2d 204, 210 (8th
> Cir.1992) . . . We have never held or suggested that an isolated, inadvertent instance
> of opening incoming confidential legal mail will support a § 1983 damage action.
> Rather, we agree with other circuits that an "isolated incident, without any evidence
> of improper motive or resulting interference with [the inmate's] right to counsel or
> to access to the courts, does not give rise to a constitutional violation." *Smith v.
> Maschner*, 899 F.2d 940, 944 (10th Cir.1990); *see Morgan v. Montanye*, 516 F.2d
> 1367, 1370-71 (2d Cir.1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d
> 743 (1976).

*Id.* Furthermore, the mail at issue in this case was not "confidential legal mail" such as that from an attorney, but rather a copy of documents available as part of the public record of Plaintiff's court file in another federal court case. There has been no allegation that Defendant Moore acted maliciously (or even with any particular intent at all), nor any contention that the remaining Defendants had any personal involvement or action at all in the opening of his mail. Lastly, in light of the nature of the correspondence contained therein, Plaintiff simply cannot show any prejudice as a result of this inadvertent opening.

As to the allegations that the remaining Defendants denied his grievance and following appeal, Plaintiff has not stated a constitutional claim as to those contentions either. It is well-settled that a prisoner has no constitutional right to an  intra-prison grievance system and that the failure to investigate or respond to a prisoner's grievances is not actionable under 42 U.S.C. § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(finding no constitutional right violated by failure to process grievances). *See also Gardner, supra* (no § 1983 liability for violation of prison policy). Failing to rule on Plaintiff's behalf is simply not a constitutional violation in the absence of other allegations or evidence. For all these reasons, the undersigned recommends that Plaintiff's cause of action be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (docket entry #2) be dismissed with prejudice.

DATED this __19___ day of October, 2005.


_____
UNITED STATES MAGISTRATE JUDGE